UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Billy Franklin Capps, Jr.**                                            **Docket No. 7:05-CR-18-1D**

**Petition for Action on Supervised Release**

COMES NOW Erik J. Graf, U.S. Probation Officer of the court, presenting a petition for modification of
the Judgment and Commitment Order of, Billy Franklin Capps, Jr., who upon an earlier plea of guilty to
Transporting Material Involving the Sexual Exploitation of a Minor, 18 U.S.C. §§ 2252(a)(l)(A) and (B),
was sentenced by the Honorable James C. Dever, III, Chief U.S. District Judge on October 12, 2005, to
the custody of the Bureau of Prisons for a term of 72 months. It was further ordered that upon release
from imprisonment the defendant be placed on supervised release for a period of 120 months.

On December 17, 2007, pursuant to a Rule 35 motion, Capps' sentenced was reduced to 54 months
custody. All other terms in the original judgment remained in effect.

On September 4, 2009, the probation office requested the addition of conditions for Capps'
forthcoming term of supervised release to include mental health/sex offender treatment, warrantless
search, and comply with conditions of the North Carolina Eastern Sex Offender Program. The court
agreed to this recommendation.

On October 5, 2009, Billy Franklin Capps, Jr. was released from custody and his term of supervised
release commenced.

On January 22, 2010, the court was notified of Capps showing deception during a clinical polygraph
exam and admitting to using a computer to seek employment and operating a camera. The court agreed
no action was necessary.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS
FOLLOWS:**

Based on recent policy changes, it is recommended the court strike the condition that the defendant abide
by the rules and regulations of the Eastern District of North Carolina Sex Offender Program and in lieu
thereof, impose the below specified conditions, which have been individualized to meet specific needs of
the defendant.

Further, on December 17, 2007, the court ordered, amongst other provisions, that as a condition of
supervised release, the "....defendant shall have no contact with his daughters during supervised release
unless either daughter contacts the defendant's probation officer and asks for [the] defendant to contact
her." As both daughters are now adults, it is the recommendation of the probation office that such
language be struck and that Capps instead be required to comply with special condition five (5) listed
below. All other provision of the order are to remain in full force and effect.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall maintain the use of all prescribed medication(s) and pay for the costs of any
   instrumental testing as directed by the probation officer.

2. The defendant shall have no direct or indirect contact with any person under the age of (18) without prior approval of the probation officer.

3. The defendant shall not purchase, possess, use or control any sexually explicit pictures, paraphernalia, erotica, magazines, video tapes, or movies.

4. The defendant shall register as required by State and Federal law as a convicted sex offender and maintain that registration as long as is required by law.

5. The defendant shall have no direct or indirect contact with his daughters without prior approval of the probation officer and approval may be revoked at any time as deemed necessary by the supervising officer.

6. The defendant shall consent to the installation of systems that will allow the probation officer or designee to monitor computer use on any computer owned or under the control of the defendant and shall pay for the cost of the monitoring.

7. The defendant shall cooperate with unannounced examinations of any computer equipment which may include retrieval and copying of all data from the defendant's computer and internal or external peripherals to ensure compliance with this condition. Such examination may require the removal of equipment for the purpose of conducting a more thorough investigation.

8. The defendant shall participate in mental health/sex offender treatment, evaluation testing, clinical polygraphs, and other assessment instruments as directed by the probation officer and pay any cost necessary.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Robert L. Thornton
Robert L. Thornton
Supervising U.S. Probation Officer

/s/ Erik J. Graf
Erik J. Graf
U.S. Probation Officer
2 Princess Street, Suite 308
Wilmington, NC 28401-3958
Phone: 910-679-2031
Executed On: April 27, 2016

**ORDER OF THE COURT**

Considered and ordered this ___27___ day of ___April_____, 2016 and ordered filed and
made a part of the records in the above case.

_____
James C. Dever III
Chief U.S. District Judge